**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

JACKLYNN YOUNG, a single woman,

        Plaintiff,

      v.

GARY LOCKE, Governor of the State of Washington, et al.,

        Defendants.

**Case No.** C05-5085 JKA

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS

    THIS MATTER comes before the court on the motion of defendants Locke, Braddock, Cramer, Lewis, Rodarte, Miller, Morrison, and McDougall for dismissal of plaintiff's claims based on alleged violations of her civil rights pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985.  She seeks costs and attorney's fees pursuant to 42 U.S.C. 1988.  The court has reviewed and considered all materials filed in support of and in response to said motion, as well as the files and records herein.

    The plaintiff, Jacklynn Young was born February 8, 1983.  On March 20, 1987, the state of Washington initiated a dependency proceeding in the matter of Jacklynn Young based on allegations by Jacklynn Young (then four years of age) that her father had molested her.  Her father was tried, convicted, and imprisoned for the molestation.  She was placed with her maternal grandfather, who plaintiff now claims was the actual perpetrator.  Plaintiff remained a dependent of the state until August 25, 1992.

    On July 29, 1999, K.Y. was born to Jacklynn Young.  On February 8, 2000, the state of Washington initiated a dependency proceeding in the matter of K.Y.  On February 15, 2002,  plaintiff's parental rights to

ORDER
Page - 1

K.Y. were terminated.

On February 16, 2001, J.Y. was born to Jacklynn Young.  On May 18, 2001, the state of Washington initiated a dependency proceeding in the matter of J.Y.  The petition was ultimately denied on October 24, 2001.

This proceeding was filed in Thurston County Superior Court on October 25, 2004.  The case was removed to this court February 2, 2005.

Plaintiff's complaint is based on the dependency proceedings initiated by the State of Washington regarding herself and her children over a fifteen-year time span (1987 - 2002).  The complaint alleges the wrongful removal from the custody of her parents at age four,  placement in abusive and dangerous environments, failure to properly investigate the cases; failure to insure due process; failure to provide a proper upbringing; failure to provide appropriate education, guidance, medical/dental care, adequate food and clothing, and proper guidance and moral values.  Plaintiff alleges deliberate and conspiratorial acts, including but not limited to a wrongful arrest, designs to set up failure, and breach of relationship between herself and her parents and  children.  Finally she alleges failure to follow statutory and departmental directives.

Plaintiff's specific allegations in support of her Federal Civil Rights claim under 42 U.S.C. 1983, 1985 are noted in the Fifth and Sixth Causes of Action set forth in plaintiff's complaint at paragraphs XXIII (Violation of Civil Rights) and XXIV (Conspiracy and Conspiracy to Violate Civil Rights).  The alleged civil rights "include, but are not limited to, her right to remain free from unreasonable seizure during her childhood; her right to procedural due process, her right to substantive due process; her right to be raised by her own parents; her right not to be harmed by the defendants; and her right to care, custody, and control of her own children.

Defendants deny all allegations of misconduct and seek summary judgment of dismissal on the basis of (a) the statute of limitations, and (b) absolute and/or qualified immunity.

# STATUTE OF LIMITATIONS

The parties agree that the applicable statute of limitations is three years under RCW4.16.340, which provides that

> "all claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced. . . .within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act."

Defendants allege that the last act complained of terminated on October 24, 2001 when the dependency proceeding regarding J.Y. was terminated. This action was commenced October 25, 2004.

Plaintiff replies alleging as follows:

1. That the statute of limitations was tolled by RCW 4.92.100 and RCW 4.92.110 which (a) makes the filing of a tort claim a mandatory prerequisite to filing a lawsuit against the state, and (b) requires the plaintiff to wait for a period of at least 60 days after the filing of the claim before a lawsuit may be commenced, during which 60 day period the statute of limitations is tolled.

2. That the statute of limitations did not begin to run until such time as she discovered or reasonably should have discovered the damages she suffered which was not "until the massive amounts of discovery were provided to her during the dependency proceedings involving her daughter."

Defendants correctly assert that plaintiff is not entitled to a tolling of the statute of limitations with regard to her federal claims. <u>Felder v. Casey</u>, 487 U.S. 131 (1988), wherein Justice Brennan clearly states that notice of claim provisions in state statutes are inapplicable to civil rights actions brought under 42 U.S.C. 1983. More specifically, the court concludes as follows:

> "In enacting Section 1983, Congress entitled those deprived of their civil rights to recover full compensation from the governmental officials responsible for those deprivations. A state law that conditions that right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law."

## **CONCLUSIONS**

1. Based on the foregoing this court grants the state defendants' motion for summary judgment as to plaintiff's federal civil rights claims on the basis of the Statute of Limitations. This determination renders moot the defendants' immunity claims.

2. When the cause(s) of action on which federal jurisdiction is based are dismissed from the case, it is within a district court's discretion to retain jurisdiction to adjudicate the pendent state claims. Harrell v. 20th Century Ins. Co., 983 F.2d 203, 205 (9th Cir. 1991). Further, it is generally preferable for a district court to remand remaining pendent claims to state court. Id. At 205. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Inasmuch as the currently scheduled trial date in this matter isl November 6, 2006, plaintiff would experience little if any prejudice by way of delay if the court declined to exercise supplemental jurisdiction over the remaining state law matters. Supplemental jurisdiction is declined.

**Accordingly the matter is remanded to State Court for further proceedings.**

Dated this 1st day of December 2005

/s/ J. Kelley Arnold_____
U.S. Magistrate Judge, J. Kelley Arnold

ORDER
Page - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 5